IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOE KENARD JONES, JR.,<br><br>      Petitioner,<br><br>  vs.<br><br>CHARLES L. RYAN, et al.,<br><br>      Respondents. | Case No. 3:13-cv-08104-PCT-SLG |

## ORDER DENYING PETITION FOR HABEAS CORPUS

  Before the Court at Docket 5 is the Amended Petition for Writ of Habeas Corpus filed by Petitioner Joe Kenard Jones Jr. on June 7, 2013, pursuant to 28 U.S.C. § 2254. On October 11, 2013, Respondents Charles L. Ryan, et al., filed an Answer to Petition for Writ of Habeas Corpus at Docket 16. Mr. Jones filed a Reply at Docket 17. On April 9, 2014, at Docket 21, Magistrate Judge Michelle H. Burns issued a Report and Recommendation. After a thoughtful and thorough analysis, the Magistrate Judge recommended that the Petition be denied and that this action be dismissed with

prejudice.[1] The Magistrate Judge further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied.

On April 16, 2014, Mr. Jones filed a motion to extend his time within which to file objections, which the Court granted, extending the deadline for objections to June 16, 2014.[2] On May 27, 2014, Mr. Jones filed a Motion to Assign and Appoint New Counsel.[3] On October 3, 2014, the Court issued an Order concluding that, based on the Magistrate Judge's Report and Recommendation, assistance of counsel was not necessary at this stage of the proceedings.[4] But the Court granted Mr. Jones an additional 14 days to file any objections to the R&R. That deadline has passed and no objections to the Report and Recommendation have been filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[5] The court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[6] But when no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to

---

[1] Docket 21 (R&R). The Magistrate Judge concluded that Ground One of the Petition was procedurally defaulted, and Grounds Two through Five fail on the merits.

[2] Dockets 22 (Mot.) & 23 (Order).

[3] Docket 24 (Mot.).

[4] Docket 25 (Order).

[5] 28 U.S.C. § 636(b)(1).

[6] *Id.*

review, de novo, findings and recommendations that the parties themselves accept as correct."[7]

There being no objections filed by either party, and following this Court's review of the R&R, the Court hereby **ACCEPTS** the Report and Recommendation of Magistrate Judge Michelle H. Burns.

Accordingly, **IT IS ORDERED** that the Petition for Habeas Corpus is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Mr. Jones has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2)[8] and any appeal would not be taken in good faith.[9]

The Clerk of Court shall enter a final judgment accordingly.

Dated this 3rd day of November, 2014.

                                     */s/ Sharon L. Gleason*
                                     UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[8] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

[9] *See* Fed. R. App. P. 24(a).